FILED
2017 Feb-08  AM 09:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT B

DOCUMENT 1

ELECTRONICALLY FILED
1/4/2017 4:15 PM
11-CV-2017-900006.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>11 |
|---|---|---|

Date of Filing:         Judge Code:
01/04/2017

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
**JULIA HARLEY BROOKS AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF BILLY RAY JONES, DECEASE**

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☑ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
          Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
          Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING       A ☐ APPEAL FROM        O ☐ OTHER
                                          DISTRICT COURT

             R ☐ REMANDED            T ☐ TRANSFERRED FROM
                                          OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a
                                                 jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
    BIS014                    1/4/2017 4:15:53 PM              /s/ BRANDON TODD BISHOP
    _____          _____                 _____
                             Date                             Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED



ELECTRONICALLY FILED
1/4/2017 4:15 PM
11-CV-2017-900006.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| JULIA HARLEY BROOKS as Personal Representative for The Estate of BILLY RAY JONES, Deceased, | ) ) ) ) | *JURY TRIAL IS REQUESTED* |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CASE NO.: _____ |
| NEW PRIME, INC. d/b/a "PRIME, INC.", WESNER CATON, | ) ) ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, the driver of the tractor-trailer that collided with the motor vehicle driven by Billy Ray Jones, deceased (hereinafter referred to as Mr. Jones), whose negligence or wantonness caused Mr. Jones to suffer fatal injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with the motor vehicle driven by Mr. Jones on the occasion made the basis of this suit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with the motor vehicle driven by Mr. Jones on the occasion made the basis of this suit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with the motor vehicle driven by Mr. Jones was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural,

that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Mr. Jones on the occasion made the basis of this lawsuit (including, but not limited to, underinsured motorist coverage); No. 16, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 17, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 18, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to her at this time, or if their names are known to Mr. Jones at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained],

**Defendants**.

## COMPLAINT

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, HARLEY BROOKS, is an individual over the age of nineteen (19) years and is a resident of Calhoun County, Alabama. She is the surviving biological daughter and Personal Representative of the Estate of Billy Ray Jones. Letters Testamentary were granted to her on December 30, 2016 by the Probate Court of Calhoun County, Alabama. The Estate of Mr. Jones's decedent, Billy Ray Jones, is filed in the Probate Court of Calhoun County, Alabama, the county of his residence at the time of death.

2.      Defendant, NEW PRIME, INC. (hereinafter referred to as "PRIME" and/or "Defendant"), during all times material hereto, was an incorporated company organized and executed under the laws of the State of Nebraska that was doing business as "PRIME, INC.", and operating as an interstate motor carrier (USDOT Number 3706) with its principal place of business located at 2740 N. Mayfair Avenue, Springfield, Missouri 65803 and which, during all

times materially relevant to the present action, was conducting business in Calhoun County, Alabama.

3.      Defendant, WESNER CATON, (hereinafter referred to as "Mr. Caton" and/or "Defendant"), is upon information and belief, an individual over the age of nineteen (19) years and a resident of Florida.

4.      FICTITIOUS DEFENDANTS NUMBERS ONE (1) THROUGH EIGHTEEN (18) (hereinafter "Fictitious Defendants") are those unidentifiable persons/entities whose true identities will be named by amendment, upon ascertainment, in accordance with Alabama Fictitious Party Pleading rules.

5.      The incident(s) made the basis of this lawsuit occurred in Calhoun County, Alabama.  This lawsuit is brought under and pursuant to The Wrongful Death Act, Alabama Code § 6-5-410.

6.      The amounts in controversy exceed the jurisdictional amount of this Court.

## FACTS

7.      On or about Friday, December 23, 2016 at approximately 7:30 p.m., Mr. Jones was driving his Toyota Solara on Coleman Road in City of Anniston, Calhoun County, Alabama. His wife, Kimberly Jones, was riding as a passenger.

8.      At approximately the same time, Mr. Caton was operating a tractor-trailer (hereinafter "subject tractor-trailer") on Henry Road in City of Anniston, Calhoun County, Alabama.  The particular stretch of Henry Road on which, Mr. Caton was traveling consisted of a long, steep downgrade.

9.      At the aforesaid time, Mr. Caton was an employee of PRIME and was operating the subject tractor-trailer while on-the-job, in the line and scope of his employment for PRIME. Specifically, Mr. Caton was in the process of transporting goods from Tyson Foods in Albertville, Alabama to Orlando, Florida. PRIME had therefore entrusted the subject tractor-trailer to Mr. Caton.

10.     At the aforesaid time, the traffic light controlling Mr. Jones's lane of travel was green; the light controlling Mr. Caton's lane of travel was red.

11.     As Mr. Jones entered into the intersection in an attempt to turn left onto Henry Road, the subject tractor-trailer driven by Mr. Caton failed to stop at the red light and unlawfully entered into the intersection.

12.     Upon information and belief, Mr. Caton claims that the brakes on the subject tractor-trailer failed, preventing him from being able to stop at the red light.

13.     Mr. Jones was not alerted to the presence of the approaching tractor-trailer in time to avoid it. It therefore collided forcefully with the driver's side of Mr. Jones's vehicle.

14.     As a proximate consequence of PRIME, Mr. Caton, and/or Fictitious Defendants' acts and/or omissions, Billy Ray Jones suffered fatal injuries and perished on December 23, 2016.

## COUNT ONE – NEGLIGENCE

15.     Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

16.     At the aforesaid time and place, Mr. Caton and/or one or more of the Fictitious Defendants listed and described in the caption hereinabove, negligently caused and/or allowed the subject tractor-trailer to enter into the intersection and collide with Mr. Jones's vehicle, as aforesaid.

17.     Specifically, Mr. Caton owed Mr. Jones the duty to exercise due care and act reasonably, especially when driving a tractor-trailer down a long, steep downgrade.  Mr. Caton owed Mr. Jones the duty to use proper braking techniques, including the use of the braking effect of the engine, and prevent the brakes from becoming too "hot."

18.     Mr. Caton breached the duties that he owed to Mr. Jones by failing to operate the subject tractor-trailer at a safe and prudent speed given the circumstances, failing to account for the steepness and length of the downgrade and failing to use proper braking techniques to control the subject tractor-trailer's speed while traveling downgrade.

19.     Alternatively, Mr. Caton breached the duties that he owed to Mr. Jones when he either knew, or should have known through the exercise of due care, that the subject tractor-trailer's brakes were out of service and/or needed replacement or repair, yet drove it on the public highway anyway.

20.     Additionally, Mr. Caton owed Mr. Jones a duty to adhere to the following *Rules of the Road*:

> **Obedience to traffic-control devices; devices presumed to comply with requirements.**
>
> *(a) The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with law, unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter.*

Ala. Code §32-5A-31 (1975).

\*       \*       \*

> **Traffic-control signal legend.**
>
> *(3) Steady red indication:*
> *a. Vehicular traffic facing a steady circular red signal alone shall stop at a clearly marked stop line . . .*

Ala. Code §32-5A-32 (1975).

21.     Mr. Caton breached the duties that he owed to Mr. Jones when he failed to obey a traffic signal and allowed the subject tractor-trailer to unlawfully enter into an intersection on a red light, causing a collision.  He also breached the duties that he owed to Mr. Jones when he failed to keep a proper lookout, failed to yield the right-of-way to him and failed to avoid him.

22.     Mr. Caton's negligent conduct was a proximate cause of Mr. Jones's demise and Plaintiff's resulting damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants New Prime, Inc. d/b/a "Prime, Inc.," Wesner Caton and/or fictitious party Defendants

listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, *to wit*, Ala. Code § 6-5-410 (1975).

## COUNT TWO – WANTONNESS / RECKLESSNESS

23.     Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

24.     Mr. Caton, a professional driver, made the conscious decision to drive the subject tractor-trailer down a long, steep downgrade at a high rate of speed, with no realistic chance of stopping the vehicle and with a conscious disregard for the safety of others.  Mr. Caton also made the conscious decision to enter into the intersection while the light controlling his path of travel was red, with a total disregard for the safety of those that may be lawfully crossing the intersection.

25.     Alternatively, Mr. Caton, a professional driver, made the conscious decision to drive the subject tractor-trailer with out-of-service, faulty and unreliable brakes with a total disregard for the safety of others.

26.     Mr. Caton's negligent and/or wanton conduct was a proximate cause of Mr. Jones's injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants New Prime, Inc. d/b/a "Prime, Inc.," Wesner Caton and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, *to wit*, Ala. Code § 6-5-410 (1975).

## COUNT THREE – *RESPONDEAT SUPERIOR*

27.     Mr. Jones re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

28.     At the time and place of the incident made the basis of this suit, Mr. Caton was operating the subject tractor-trailer in the line and scope of his employment for Defendant, PRIME. Mr. Caton was an agent and/or employee of PRIME, PRIME was the master and/or principal of Mr.

Caton and PRIME is vicariously liable for his actions. Said negligent and/or wanton conduct was a proximate cause of the Mr. Jones's injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants New Prime, Inc. d/b/a "Prime, Inc.," Wesner Caton and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, *to wit*, Ala. Code § 6-5-410 (1975).

**COUNT FOUR – NEGLIGENT/WANTON
HIRING, TRAINING, SUPERVISION AND/OR RETENTION**

29.     Mr. Jones re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

30.     At the aforesaid time and place, and for some time prior thereto, PRIME had the supervisory authority and was charged with the hiring, training, supervising, and retention of its agents, employees, and/or motor vehicle drivers, like and including Mr. Caton. PRIME negligently and/or wantonly exercised or failed to hire, train, supervise, and retain its motor vehicle drivers, like and including Mr. Caton. Said negligent and/or wanton conduct was a proximate cause of the Mr. Jones's injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant New Prime, Inc. d/b/a "Prime, Inc." and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, *to wit*, Ala. Code § 6-5-410 (1975).

**COUNT FIVE – NEGLIGENT/WANTON
MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR**

31.     Mr. Jones re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

32.     At the aforesaid time and place, and for some time prior thereto, PRIME was the owner(s), lessor(s), and/or lessee(s) of the subject tractor-trailer driven by Mr. Caton and as such,

had the authority to supervise the maintenance, operation, service and repair of the subject tractor-trailer.

33.     PRIME negligently or wantonly exercised or failed to exercise said supervisory control over the maintenance, operation, service and/or repair of the subject tractor-trailer. Said negligent and/or wanton conduct was a proximate cause of the Mr. Jones's injuries and damages described above, herein.

34.     Mr. Caton, as a professional driver, negligently or wantonly exercised or failed to exercise due care relating to the discovery, and/or reporting, of the subject tractor-trailer's brakes and braking system. Said negligent and/or wanton conduct was a proximate cause of Mr. Jones's injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant New Prime, Inc. d/b/a "Prime, Inc.", Wesner Caton and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, *to wit*, Ala. Code § 6-5-410 (1975).

## COUNT SIX – NEGLIGENT/WANTON ENTRUSTMENT

35.     Mr. Jones re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

36.     On or about December 23, 2016, PRIME was the owner of and had the right of control over the use of the subject tractor-trailer driven by Mr. Caton.  PRIME negligently and/or wantonly entrusted said vehicle to Mr. Caton who was inexperienced and not competent to operate a tractor-trailer.  Mr. Caton negligently and/or wantonly operated said vehicle injuring the Mr. Jones. PRIME entrusted said vehicle to Mr. Caton and is therefore liable to the Mr. Jones.  Said negligent and/or wanton conduct was a proximate cause of the Mr. Jones's injuries and damages described above, herein.

DOCUMENT 2

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant New Prime, Inc. d/b/a "Prime, Inc." and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, *to wit*, Ala. Code § 6-5-410 (1975).

Respectfully Submitted,

_____

Brandon T. Bishop          (BIS014)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:          (205) 983-8137
Facsimile:      (205) 983-8437
Email:          bbishop@asilpc.com
Paralegal:      Liz Johnson: ejohnson@asilpc.com

DOCUMENT 2

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JULIA HARLEY BROOKS as Personal Representative for The Estate of BILLY RAY JONES, Deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CASE NO.:** _____ |
| **NEW PRIME, INC. d/b/a "PRIME, INC.", WESNER CATON, *et al*.,** | ) ) ) | |
| **Defendants.** | ) ) | |

## <u>JURY DEMAND</u>

COMES NOW the Plaintiff, Julia Harley Brooks, as Personal Representative for The Estate of Billy Ray Jones, deceased, by and through her undersigned counsel of record, and hereby demands a trial by struck jury.

Respectfully Submitted,

_(signature)_

_____

Brandon T. Bishop          (BIS014)
Attorney for Plaintiff

**<u>OF COUNSEL</u>:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1ˢᵗ Avenue South
Birmingham, Alabama 35233
Phone:          (205) 983-8137
Facsimile:    (205) 983-8437
Email:          bbishop@asilpc.com
Paralegal:    Liz Johnson: ejohnson@asilpc.com

DOCUMENT 2

## REQUEST FOR SERVICE BY CLERK

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests service of the foregoing "Summons and

Complaint" by certified mail, addressed as follows:

NEW PRIME, Inc.
c/o Thomas L. Oliver, II, Esq.
CARR ALLISON
100 Vestavia Pkwy
Birmingham, Alabama 35216

Wesner Caton
c/o Thomas L. Oliver, II, Esq.
CARR ALLISON
100 Vestavia Pkwy
Birmingham, Alabama 35216

_____
OF COUNSEL

DOCUMENT 3



ELECTRONICALLY FILED
1/4/2017 4:15 PM
11-CV-2017-900006.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **JULIA HARLEY BROOKS as Personal Representative for The Estate of BILLY RAY JONES, Deceased,** )<br>)<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| **v.** ) | **CASE NO.:** _____ |
| )<br>**NEW PRIME, INC. d/b/a "PRIME, INC.", WESNER CATON, et al.,** )<br>)<br>) | |
| **Defendants.** ) | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT NEW PRIME, INC.

COMES NOW the Plaintiff, Julia Harley Brooks, as Personal Representative for The Estate of Billy Ray Jones, deceased, by and through her undersigned counsel of record, and hereby serves the following First Requests for Admission, Interrogatories and Requests for Production of Documents to Defendant New Prime, Inc. d/b/a "Prime, Inc." to be answered in accordance with the *Alabama Rules of Civil Procedure*:

### DEFINITIONS

The following words, when used in these discovery requests, unless otherwise indicated, shall mean:

A.    The terms "You" and "Your" refer to Defendant, New Prime, Inc. d/b/a "Prime, Inc." and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.    The term "incident" refers to the December 23, 2016 motor vehicle collision that is the basis of Plaintiff's Complaint;

C.    The term "Your Driver" shall refer to Wesner Caton, the person that was driving the subject tractor-trailer involved in the incident;

D. The term "subject tractor-trailer" refers to the tractor-trailer that was involved in the incident;

E. "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

F. The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

G. "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

H. "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

I. "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form

of organization and a description of its business activities.

J.     "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

K.     "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

L.     "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

M.     "Plaintiff" shall refer interchangeably to Billy Ray Jones, deceased, and/or Julia Harley Brooks, as Personal Representative for The Estate of Billy Ray Jones, deceased, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his/their behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

N.     *PRIVILEGE LOG*: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii)  identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## REQUESTS FOR ADMISSION

*Please admit or deny*:

1.     Your driver was employed by you at the time of the incident.

2.     Your driver was on-the-job for you at the time of the incident.

3.     Your driver was acting in the line and scope of his employment with you at the time of the incident.

4.    You are vicariously liable for your driver's negligent conduct, if any.

5.    The subject tractor-trailer had a braking issue.

6.    You were aware that the subject tractor-trailer had a braking issue.

7.    The incident was caused by a braking system failure.

8.    The incident was caused by driver error.

9.    Your driver failed to use the braking effect of the tractor-trailer's engine while traveling the downgrade on Henry Road.

10.    Your driver allowed the subject tractor-trailer's brakes to get "hot" while traveling the downgrade on Henry Road.

11.    The incident was caused by driver error and improper braking techniques rather than a braking system failure.

12.    The incident was your driver's fault.

13.    The incident was not Billy Ray Jones's fault.

14.    Billy Ray Jones was killed as a result of the incident.

## INTERROGATORIES

1.    Have you been named properly in Plaintiff's Complaint?  If not, please identify your proper designation.

2.    Are you owned by or a subsidiary of another company, entity or person?  If so, please identify the other company, entity or person.

3.    Identify the full name, date of birth, last four digits of social security number, residence address and driver's license number of the person that was driving the subject tractor-trailer at the time of the incident.

4.    Describe the incident in detail without omitting any relevant facts.

5.    Is Your Driver your regular employee?  If so, state the date that employment began and whether he or she is still in your employ.

6.    State whether you have retained a driver qualification file in your company offices for Your Driver. If so, list each of the documents in that file.

7.    State whether you have knowledge of any traffic violations committed by Your

Driver either while in your employ or in prior employment. If so, state all information you have in that regard.

       8.     Do you have a safety director? If so, state his or her full name and any and all titles.

       9.     State the place of origin and the place of destination of the subject tractor-trailer, including in your answer the exact time when the tractor-trailer left its place of origin and what the scheduled arrival time was at the place of destination.

      10.    Please identify the subject tractor-trailer's precise location (and/or GPS coordinates) from 5:00 a.m. through the time of the incident on December 23, 2016.

      11.    State the subject tractor-trailer's speed in 60 second intervals for the three-mile stretch of roadway on Henry Road ending at the intersection with Coleman Road.

      12.    Identify the name, address and phone number of each person who has knowledge of the incident.

      13.    Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the incident. (NOTE: this request does not seek the substance of each such communication and therefore does _not_ call for privileged or otherwise protected information).

      14.    Please set forth a 10-year complete driving record of Your Driver, including a list of all incidents and violations and citations of state or federal laws or regulations, setting forth the date of each incident or citation, brief description of each incident and/or nature of each citation or violation, state of violation or citation, specifically to include a narrative summary of all of the information requested.

      15.    State whether any disciplinary action was taken either by you or a company union against Your Driver as a result of his or her driving on the date of the incident from which this lawsuit arose.  If not, state whether any was considered, and if Your Driver's actions and/or inactions were reviewed by any person(s), providing the details thereof.

      16.    State whether the tractor-trailer/trailer was transporting a load of cargo at the time of the incident and if so, identify the load carried inside the trailer at the time of the incident, and state the intended destination, including the name and address of the intended delivery location, the scheduled delivery time and date, and the names, addresses and telephone numbers of the shipper(s) and the names, addresses and telephone numbers of the consignee(s).

      17.    State whether the subject tractor and/or the trailer underwent any repairs during the thirty (30) days leading up to the incident. If so, state the nature of the repairs and the names, addresses and telephone numbers of the repair facilities.

      18.    Set forth the following weights and dimensions of the subject tractor-trailer: Measuring from the front bumper to the rear, the distance to the front (steer axles); the distance to the tow tandem axles; the distances to the trailer tandem axles; the distance to the front and to

the back of the trailer body. Set forth the weight on each axle, or group (tandem).

19.    Set forth a summary, including caption, date of filing and docket number for each legal action brought against you in the past five (5) years stemming from a motor vehicle incident. Provide the name, address and driver's license numbers for each of your employee(s) involved in those incidents and whether the claim resulted in payment by your insurance carrier(s).

20.    Were any investigative or other reports prepared, compiled, submitted, or made by you or on your behalf in the regular course of business or in preparation for litigation, as a result of the incident in question. If so, please identify the report by date, subject matter, name, address and job title or capacity of the person or persons making or rendering the report, the person or entity ordering the report (including insurance adjusters), the person who has present custody and/or control thereof, and the purpose of such preparation; and attach copies of such reports to your answers to these Interrogatories.

21.    Identify all cellular telephone companies for which Your Driver had a phone on the date of the incident. Additionally, please identify all such phone numbers associated with any cellular telephone referenced above.

22.    State whether the subject tractor-trailer was equipped with the QUALCOMM OMNITRAX system or any other type of satellite tracking system. If so, list the records in your possession of the tractor-trailer's activities which were generated by the QUALCOMM system.

23.    State whether the subject tractor-trailer was equipped with the EATON VORAD collision avoidance system. If so, state whether the system includes the following options: (a) a side-mounted radar that warns of vehicles in a tractor-trailer's blind spot; (b) an incident reconstruction option which allows the last ten (10) minutes of recorded activity on the system to be stored in a buffer memory and retrieved in the event of an incident.

24.    What, if anything, could Your Driver have done to prevent the incident?

25.    What, if anything, could Billy Ray Jones have done to avoid the incident?

## REQUESTS FOR PRODUCTION-

## GENERAL DOCUMENT REQUESTS

*Please produce*:

1.    The entire personnel file of Your Driver.

2.    The entire human resources file of Your Driver.

3.    Your Driver's employment application and any notes or documentation regarding his interview for employment.

4.      The entire driver qualification file or any file regarding any investigation into the qualifications of Your Driver before he was hired or retained.

5.      Reports received or generated regarding Your Driver's safety record before he was hired.

6.      Reports received or generated regarding Your Driver's safety record after Your Driver was hired.

7.      Your Driver's driving record secured by you before he was hired.

8.      All documents regarding Your Driver's employment history.

9.      Any and all cellular and telephone records, including bills of Your Driver, for the date of the incident and seven (7) days prior and seven (7) days after.

15.     All medical documentation in your possession regarding Your Driver's health, including but not limited to: physicals, drug testing, vision testing, etc.

16.     All long form DOT physicals of Your Driver.

17.     A copy of Your Driver's license.

18.     The entire drug and alcohol file of Your Driver including, but not limited to, pre-employment, post-incident, random, reasonable suspicion and return to duty drug and alcohol testing results.

19.     Any and all records of health insurance claims, disability claims, sickness or doctors' excuses or the entire medical records chart of the Your Driver for three (3) years prior to the incident.

20.     All of the records of Your Driver for the seven (7) days prior to the incident and for the day of the incident, which documents you are required to retain under 49 C.F.R. §395.8 (k) and subsequent DOT guidance and interpretation of "supporting documents":

      a.      Bills of lading;
      b.      Carrier pros;
      c.      Freight bills;
      d.      Dispatch records;
      e.      Driver call-in records;
      f.      Gate record receipts;
      g.      Weight/scale tickets;
      h.      Fuel billing statements;
      i.      Toll receipts;
      j.      International registration plan receipts;
      k.      International fuel tax agreement receipts;

l.    Trip permits;
m.    Lessor settlement sheets;
n.    Port of entry receipts;
o.    Cash advance receipts;
p.    Delivery receipts;
q.    Lumper receipts;
r.    Interchange and inspection reports;
s.    Over/short and damage reports;
t.    Agricultural inspection reports;
u.    Commercial Vehicle Safety Alliance reports;
v.    Incident reports;
w.    Telephone billing statements;
x.    Credit card receipts;
y.    Driver fax reports;
z.    On-board computer reports;
aa.   Border crossing reports;
bb.   Custom declarations;
cc.   Traffic citations;
dd.   Overweight/oversize reports and citations; and
ee.   Other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

21.    All documents prepared during the regular course of business as a result of the incident.

22.    All photographs of any of the vehicles involved in the incident.

23.    All photographs of the incident scene.

24.    All photographs that have any relevancy pertaining to this action.

25.    All video surveillance and/or photographic imaging of the Plaintiff.

26.    The employee handbook and/or driver's manual issued to Your Driver.

27.    All safety manuals in effect at the time of the incident.

28.    All driver's manuals in effect at the time of the incident.

29.    All insurance policies including liability, general liability, excess umbrella that will or may pertain to the subject loss.

30.    All documents identified in your Answers to Interrogatories, as well as any documents provided by any party to this lawsuit in their Answers to Interrogatories.

31.     All written, recorded, or signed statements of any party, including the Plaintiff, Defendants, witnesses, investigators or agents, representatives or employees of the parties concerning the subject matter of this action.

32.     All documents received pursuant to non- party subpoenas.

33.     Copies of any treatise, standards in the industry, legal authority, rule, case, statute or code that will be relied upon in the defense of this case.

34.     All materials that you plan to use as evidence at trial.

## REQUESTS FOR PRODUCTION-

### DOCUMENTS RELATIVE TO THE VEHICLE INVOLVED

35.     The Permanent Unit File or its equivalent (such as including, but not limited to, records relating to the repairs, maintenance, and costs for the vehicle involved in the incident.

36.     All leases pertaining to the subject tractor-trailer, if any.

37.     All contracts with lessors, including but not limited to, contracts of indemnity.

38.     Any and all DOT and State inspections of the vehicle involved in the incident for the year of the incident and one (1) year prior.

39.     Copies of any and all satellite communications and e-mail for the day of the incident and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

     a.     trip distance;
     b.     total vehicle driving time;
     c.     load factor;
     d.     vehicle speed limit;
     e.     maximum vehicle speed recorded;
     f.     number of hard brake incidents;
     g.     current engine speed (rpm);
     h.     maximum and minimum cruise speed limits;
     i.     total vehicle driving distance;
     j.     fuel consumption (gal./hr.);
     k.     idle time;
     l.     engine governed speed;
     m.     maximum engine speed recorded;
     n.     current throttle position;
     o.     brake switch status (on/off);
     p.     odometer;
     q.     trip driving time;
     r.     overall fuel economy (MPG);

    s.      average driving speed;
    t.      number of engine overspeeds;
    u.      number of vehicle overspeeds;
    v.      current vehicle speed (MPH);
    w.     clutch switch status (on/off); and
    x.      clock.

40.    Copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Electronic Control Module (ECM) for any vehicle involved in the incident.

41.    Copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Airbag Control Module (ACM), Powertrain Control Module (PCM), and Roll Over Sensor (ROS) for any vehicle involved in the incident.

42.    Copies of any and all printouts and copies of any and all electronic files of data imaged (*i.e.*, downloaded) from any and all Event Data Recorded (EDR) relating to any of the vehicles involved in the incident. An EDR means a device or function in a vehicle or remote of the vehicle that records any vehicle or occupant-based data just prior to or during a crash, such that the data can be retrieved after the crash.

## REQUESTS FOR PRODUCTION-

## EXPERT WITNESS DOCUMENTATION

43.    All notes, correspondence, bills, invoices, diagrams, photographs, x-rays or other documents prepared or reviewed by each person whom you expect to call as an expert witness at trial.

44.    All written reports of each person whom you expect to call as an expert witness at trial, including any drafts.

45.    All documents upon which any expert witness you intend to call at trial relied to form an opinion.

46.    All invoices generated by expert witnesses for performing all expert witness services to Defendants, including but not limited to, the fees for the medical examination, the records review, the pretrial preparation, any telephone conference, any trial testimony anticipated and any other fee paid by the Defendants for expert fees.

47.    Any and all correspondence exchanged between counsel for this Defendant and any expert.

48.    Any expert's current fee schedule.

49.    The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial.

50.     Any list kept by any expert of that expert's testimony by way of deposition or trial testimony.

51.     Any and all 1099 forms for any expert that demonstrates the source(s) of payment(s) to the expert, or the expert's practice, from any insurance company or defense law firm that compensated the doctor for any forensic work performed in the last three years at the request of any defense law firm or insurance company.

52.     Any and all Quickbooks or other similar accounting tools used to document sources of payments made to the experts, or the expert's practice, from any insurance company or defense law firm that compensated the doctor for any forensic work performed in the last three years at the request of any defense law firm or insurance company.

53.     Any and all tax returns for any expert that demonstrates the source(s) of payment(s) to the doctor from any insurance company or defense law firm that compensated the doctor for any forensic work performed in the last three years at the request of any defense law firm or insurance company. All other personal information is NOT requested and may be redacted.


Respectfully Submitted,


_____
Brandon T. Bishop          (BIS014)
Attorney for Plaintiff


**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:          (205) 983-8137
Facsimile:     (205) 983-8437
Email:          bbishop@asilpc.com
Paralegal:     Liz Johnson: ejohnson@asilpc.com

DOCUMENT 3

**PLEASE SERVE ALONG WITH SUMMONS AND COMPLAINT TO:**

NEW PRIME, Inc.
c/o Thomas L. Oliver, II, Esq.
CARR ALLISON
100 Vestavia Pkwy
Birmingham, Alabama 35216

_____
OF COUNSEL



AlaFile E-Notice

11-CV-2017-900006.00

To:  BRANDON TODD BISHOP
     bbishop@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JULIA HARLEY BROOKS AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BILLY
11-CV-2017-900006.00

The following complaint was FILED on 1/4/2017 4:16:12 PM

Notice Date:     1/4/2017 4:16:12 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2017-900006.00

To:  NEW PRIME, INC. C/O THOMAS J. OLIVER, II
     CARR ALLISON
     100 VESTAVIA PARKWAY
     BIRMINGHAM, AL, 35216

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JULIA HARLEY BROOKS AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BILLY
11-CV-2017-900006.00

The following complaint was FILED on 1/4/2017 4:16:12 PM

Notice Date:     1/4/2017 4:16:12 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2017-900006.00

To:  WESNER CATON C/O THOMAS L. OLIVER, II
CARR ALLISON
100 VESTAVIA PARKWAY
BIRMINGHAM, AL, 35216

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JULIA HARLEY BROOKS AS PERSONAL REPRESEVATIVE FOR THE ESTATE OF BILLY
11-CV-2017-900006.00

The following complaint was FILED on 1/4/2017 4:16:12 PM

Notice Date:     1/4/2017 4:16:12 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>11-CV-2017-900006.00 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF CALHOUN COUNTY
JULIA HARLEY BROOKS AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BILLY

NOTICE TO    NEW PRIME, INC. C/O THOMAS J. OLIVER, II, CARR ALLISON 100 VESTAVIA PARKWAY, BIRMINGHAM, AL 35216

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDON TODD BISHOP

WHOSE ADDRESS IS 3626 CLAIRMONT AVENUE, BIRMINGHAM, AL 35222

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    JULIA HARLEY BROOKS AS
pursuant to the Alabama Rules of the Civil Procedure    PERSONAL REPRESENATIVE FOR THE
Date   1/4/2017 4:16:12 PM        /s/ KIM MCCARSON    ESTATE OF BILLY RAY JONES,
DECEASED
                                 Clerk/Register
                                 25 WEST 11TH STREET
                                 ANNISTON, AL 36201

☑ Certified Mail is hereby requested        /s/ BRANDON TODD BISHOP
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                              (Date)

_____        _____        _____
Date                          Server's Signature             Address of Server

_____        _____        _____
Type of Server                Server's Printed Name          _____
                                                             Phone Number of Server

DOCUMENT 5

| State of Alabama<br><br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>11-CV-2017-900006.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY
### JULIA HARLEY BROOKS AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BILLY

WESNER CATON C/O THOMAS L. OLIVER, II, CARR ALLISON 100 VESTAVIA PARKWAY, BIRMINGHAM, AL 35216

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRANDON TODD BISHOP _____

WHOSE ADDRESS IS 3626 CLAIRMONT AVENUE, BIRMINGHAM, AL 35222 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of
   pursuant to the Alabama Rules of the Civil Procedure

Date  1/4/2017 4:16:12 PM   /s/ KIM MCCARSON

JULIA HARLEY BROOKS AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BILLY RAY JONES, DECEASED

                    Clerk/Register

                    25 WEST 11TH STREET

                    ANNISTON, AL 36201

☑ Certified Mail is hereby requested    /s/ BRANDON TODD BISHOP _____

                                  Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

                                                          (Date)

_____      _____      _____

Date                     Server's Signature               Address of Server

_____      _____      _____

Type of Server              Server's Printed Name

                                                   _____

                                                   Phone Number of Server

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CW17-90004

NEW PRIME, INC. C/O THOMAS J. OLIVER II.
CARR ALLISON
100 VESTAVIA PARKWAY
BIRMINGHAM, AL 35216

Diu

9590 9403 0935 5223 4222 20

2. Article Number (Transfer from service label)

7015 3010 0002 1277 2602

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Myrick
C. Date of Delivery
1-9-19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Mail
☐ ___ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING#

7590 9403 9739 5023 4222 20

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Kim McCarson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201



AlaFile E-Notice

11-CV-2017-900006.00

Judge: DEBRA H JONES

To:  BISHOP BRANDON TODD
     bbishop@asilpc.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JULIA HARLEY BROOKS AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BILLY
11-CV-2017-900006.00

The following matter was served on 1/9/2017

**D001 NEW PRIME, INC. C/O THOMAS J. OLIVER, II**

**Corresponding To**

CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CW17-900070

WESNER CATON C/O THOMAS L. OLIVER II
CARR ALLISON
100 VESTAVIA PARKWAY
BIRMINGHAM, AL 35216

9590 9403 0935 5223 8340 54

2. Article Number (Transfer from service label)

7015 3010 0002 1277 2596

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

DOCUMENT 8

USPS TRACKING#

9590 9403 8935 5223 8340 54

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Kim McCarson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201



AlaFile E-Notice

11-CV-2017-900006.00

Judge: DEBRA H JONES

To:  BISHOP BRANDON TODD
      bbishop@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JULIA HARLEY BROOKS AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BILLY
11-CV-2017-900006.00

The following matter was served on 1/17/2017

**D002 CATON WESNER C/O THOMAS L. OLIVER, II**

**Corresponding To**

CERTIFIED MAIL

D000

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov