# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **ANNETTE ELLIS, as Personal Representattive for the ESATE OF KIMBERLY ANN JONES, Deceased,** )<br>)<br>)<br>) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:17-CV-00027-JEO** |
| ) | |
| **WESNER CATON** )<br>**NEW PRIME, INC. d/b/a "PRIME, INC."** )<br>**TA OPERATING LLC d/b/a TravelCenters of America** )<br>**FLEETPRIDE INC.** ) | |

| | |
|---|---|
| **JULIA HARLEY BROOKS as Personal Representative for The Estate of BILLY RAY JONES, Deceased,** )<br>)<br>)<br>) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:   1:17-cv-00203-JEO** |
| ) | |
| **WESNER CATON** )<br>**NEW PRIME, INC. d/b/a "PRIME, INC."** )<br>**TA OPERATING LLC d/b/a TravelCenters of America** )<br>**FLEETPRIDE INC.** )<br>                 ) | |

## FIRST AMENDED COMPLAINT

### PARTIES

1.     Plaintiff, JULIA HARLEY BROOKS, is an individual over the age of nineteen (19) years and a resident of Calhoun County, Alabama.  She is the surviving biological daughter and Personal Representative of the Estate of Billy Ray Jones. Letters Testamentary were granted to her on December 30, 2016, by the Probate Court of Calhoun County, Alabama. The Estate of Mr. Jones'

decedent, Billy Ray Jones, is filed in the Probate Court of Calhoun County, Alabama, the county of his residence at the time of death.

2. Defendant, NEW PRIME, INC. (hereinafter referred to as "PRIME" and/or "Defendant"), during all times material hereto, was an incorporated company organized and executed under the laws of the State of Nebraska that was doing business as "PRIME, INC.", and operating as an interstate motor carrier (USDOT Number 3706) with its principal place of business located at 2740 N. Mayfair Avenue, Springfield, Missouri 65803 and which, during all times materially relevant to the present action, was conducting business in Calhoun County, Alabama.

3. Defendant, WESNER CATON, (hereinafter referred to as "Mr. Caton" and/or "Defendant"), is upon information and belief, an individual over the age of nineteen (19) years and a resident of Florida.

4. Defendant TA Operating, LLC d/b/a TravelCenters of America, ("TA") during all times material hereto, was an incorporated company organized and executed under the laws of the State of Ohio, with its principal place of business located at 24601 Center Ridge Road, Westlake, OH 44145.

5. Defendant FleetPride, Inc., during all times material hereto, was an incorporated company organized and executed under the laws of the State of Texas, with its principal place of business located at 8708 Technology Forest Place, Suite 125, The Woodlands, TX 77381.

6. FICTITIOUS DEFENDANTS NUMBERS ONE (1) THROUGH EIGHTEEN (18) (hereinafter "Fictitious Defendants") are those unidentifiable persons/entities whose true identities will be named by amendment, upon ascertainment, in accordance with Alabama Fictitious Party Pleading rules.

7. The incident(s) made the basis of this lawsuit occurred in Calhoun County, Alabama. This lawsuit is brought under and pursuant to The Wrongful Death Act, Alabama Code § 6-5-410.

8. The amounts in controversy exceed the jurisdictional amount of this Court.

## FACTS

9. On or about Friday, December 23, 2016 at approximately 7:30 p.m., Mr. Jones was driving his Toyota Solara on Coleman Road in City of Anniston, Calhoun County, Alabama. His wife, Kimberly Jones, was riding as a passenger.

10. At approximately the same time, Mr. Caton was operating a tractor-trailer (hereinafter "subject tractor-trailer") on Henry Road in City of Anniston, Calhoun County, Alabama. The particular stretch of Henry Road on which, Mr. Caton was traveling consisted of a long, steep downgrade.

11. At the aforesaid time, Mr. Caton was an employee of PRIME and was operating the subject tractor-trailer while on-the-job, in the line and scope of his employment for PRIME. Specifically, Mr. Caton was in the process of transporting goods from Tyson Foods in Albertville, Alabama to Orlando, Florida. PRIME had therefore entrusted the subject tractor-trailer to Mr. Caton.

12. At the aforesaid time, the traffic light controlling Mr. Jones's lane of travel was green; the light controlling Mr. Caton's lane of travel was red.

13. As Mr. Jones entered into the intersection in an attempt to turn left onto Henry Road, the subject tractor-trailer driven by Mr. Caton failed to stop at the red light and unlawfully entered into the intersection.

14. Upon information and belief, Mr. Caton claims that the brakes on the subject tractor-trailer failed, preventing him from being able to stop at the red light.

15. Mr. Jones was not alerted to the presence of the approaching tractor-trailer in time to avoid it. It therefore collided forcefully with the driver's side of Mr. Jones's vehicle.

16. As a proximate consequence of PRIME, Mr. Caton, and/or Fictitious Defendants' acts and/or omissions, Billy Ray Jones suffered fatal injuries and perished on December 23, 2016.

**COUNT ONE – NEGLIGENCE**

17. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

18. At the aforesaid time and place, Mr. Caton and/or one or more of the Fictitious Defendants listed and described in the caption hereinabove, negligently caused and/or allowed the subject tractor-trailer to enter into the intersection and collide with Mr. Jones's vehicle, as aforesaid.

19. Specifically, Mr. Caton owed Mr. Jones the duty to exercise due care and act reasonably, especially when driving a tractor-trailer down a long, steep downgrade. Mr. Caton owed Mr. Jones the duty to use proper braking techniques, including the use of the braking effect of the engine, and prevent the brakes from becoming too "hot."

20. Mr. Caton breached the duties that he owed to Mr. Jones by failing to operate the subject tractor-trailer at a safe and prudent speed given the circumstances, failing to account for the steepness and length of the downgrade and failing to use proper braking techniques to control the subject tractor-trailer's speed while traveling downgrade.

21. Alternatively, Mr. Caton breached the duties that he owed to Mr. Jones when he either knew, or should have known through the exercise of due care, that the subject tractor-trailer's brakes were out of service and/or needed replacement or repair, yet drove it on the public highway anyway.

22. Additionally, Mr. Caton owed Mr. Jones a duty to adhere to the following Rules of the Road:

> *Obedience to traffic-control devices; devices presumed to comply with requirements.*
>
> (a) The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with law, unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter.

Ala. Code §32-5A-31 (1975).

\*     \*     \*

> *Traffic-control signal legend.*
>
> (3) Steady red indication:

      a. Vehicular traffic facing a steady circular red signal alone shall stop at a clearly marked stop line .

Ala. Code §32-5A-32 (1975).

23. Mr. Caton breached the duties that he owed to Mr. Jones when he failed to obey a traffic signal and allowed the subject tractor-trailer to unlawfully enter into an intersection on a red light, causing a collision. He also breached the duties that he owed to Mr. Jones when he failed to keep a proper lookout, failed to yield the right-of-way to him and failed to avoid him.

24. Mr. Caton's negligent conduct was a proximate cause of Mr. Jones's demise and Plaintiff's resulting damages described above, herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants New Prime, Inc. d/b/a "Prime, Inc.," Wesner Caton and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, to wit, Ala. Code § 6-5-410 (1975).

## COUNT TWO – WANTONNESS / RECKLESSNESS

25. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

26. Mr. Caton, a professional driver, made the conscious decision to drive the subject tractor-trailer down a long, steep downgrade at a high rate of speed, with no realistic chance of stopping the vehicle and with a conscious disregard for the safety of others. Mr. Caton also made the conscious decision to enter into the intersection while the light controlling his path of travel was red, with a total disregard for the safety of those that may be lawfully crossing the intersection.

27. Alternatively, Mr. Caton, a professional driver, made the conscious decision to drive the subject tractor-trailer with out-of-service, faulty and unreliable brakes with a total disregard for the safety of others.

28. Mr. Caton's negligent and/or wanton conduct was a proximate cause of Mr. Jones's injuries and damages described above, herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendants New Prime, Inc. d/b/a "Prime, Inc.," Wesner Caton and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, to wit, Ala. Code § 6-5-410 (1975).

### COUNT THREE – *RESPONDEAT SUPERIOR*

29. Mr. Jones re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

30. At the time and place of the incident made the basis of this suit, Mr. Caton was operating the subject tractor-trailer in the line and scope of his employment for Defendant, PRIME. Mr. Caton was an agent and/or employee of PRIME, PRIME was the master and/or principal of Mr. Caton and PRIME is vicariously liable for his actions. Said negligent and/or wanton conduct was a proximate cause of the Mr. Jones's injuries and damages described above, herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants New Prime, Inc. d/b/a "Prime, Inc.," Wesner Caton and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, to wit, Ala. Code § 6-5-410 (1975).

### COUNT FOUR – NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND/OR RETENTION

31. Mr. Jones re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

32. At the aforesaid time and place, and for some time prior thereto, PRIME had the supervisory authority and was charged with the hiring, training, supervising, and retention of its agents, employees, and/or motor vehicle drivers, like and including Mr. Caton. PRIME negligently

and/or wantonly exercised or failed to hire, train, supervise, and retain its motor vehicle drivers, like and including Mr. Caton. Said negligent and/or wanton conduct was a proximate cause of the Mr. Jones's injuries and damages described above, herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant New Prime, Inc. d/b/a "Prime, Inc." and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, to wit, Ala. Code § 6-5-410 (1975).

### COUNT FIVE – NEGLIGENT/WANTON MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR

33. Mr. Jones re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

34. At the aforesaid time and place, and for some time prior thereto, PRIME was the owner(s), lessor(s), and/or lessee(s) of the subject tractor-trailer driven by Mr. Caton and as such, had the authority to supervise the maintenance, operation, service and repair of the subject tractor-trailer.

35. PRIME negligently or wantonly exercised or failed to exercise said supervisory control over the maintenance, operation, service and/or repair of the subject tractor-trailer. Said negligent and/or wanton conduct was a proximate cause of the Mr. Jones's injuries and damages described above, herein.

36. Mr. Caton, as a professional driver, negligently or wantonly exercised or failed to exercise due care relating to the discovery, and/or reporting, of the subject tractor-trailer's brakes and braking system. Said negligent and/or wanton conduct was a proximate cause of Mr. Jones's injuries and damages described above, herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant New Prime, Inc. d/b/a "Prime, Inc.", Wesner Caton and/or fictitious party Defendants

listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, to wit, Ala. Code § 6-5-410 (1975).

## COUNT SIX – NEGLIGENT/WANTON ENTRUSTMENT

37. Mr. Jones re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

38. On or about December 23, 2016, PRIME was the owner of and had the right of control over the use of the subject tractor-trailer driven by Mr. Caton. PRIME negligently and/or wantonly entrusted said vehicle to Mr. Caton who was inexperienced and not competent to operate a tractor-trailer. Mr. Caton negligently and/or wantonly operated said vehicle injuring the Mr. Jones. PRIME entrusted said vehicle to Mr. Caton and is therefore liable to the Mr. Jones. Said negligent and/or wanton conduct was a proximate cause of the Mr. Jones's injuries and damages described above, herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant New Prime, Inc. d/b/a "Prime, Inc." and/or fictitious party Defendants listed and described in the caption hereinabove, for all damages recoverable under Alabama's Wrongful Death Statute, *to wit*, Ala. Code § 6-5-410 (1975).

## COUNT SEVEN – NEGLIGENCE AGAINST TA OPERATING, LLC d/b/a TRAVELCENTERS OF AMERICA

39. TA Operating, LLC d/b/a TravelCenters of America had a duty to exercise reasonable care in selling and/or installing the blue service brake coil air line on the tractor-trailer owned by New Prime, Inc., and operated by Wesner Caton.

40. TA Operating, LLC d/b/a TravelCenters of America negligently breached that duty.

41. That negligence combined and concurred with the actions of the other defendants caused the death of Kimberly Ann Jones.

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiffs make a request for a verdict against Wesner Caton, New Prime, Inc. d/b/a Prime, Inc., TA Operating, LLC d/b/a TravelCenters of America in an amount sufficient to punish the defendant, protect the public and prevent similar wrongs in the future, and for all damages recoverable under Alabama's Wrongful Death Statute. Further, Plaintiff requests that the Court enter judgment consistent with the verdict.

### COUNT EIGHT – WANTONNESS AGAINST TA OPERATING, LLC d/b/a TRAVELCENTERS OF AMERICA

42. TA Operating, LLC d/b/a TravelCenters of America had a duty not to engage in conduct they knew was likely to injure someone.

43. TA Operating, LLC d/b/a TravelCenters of America wantonly breached that duty.

44. That wantonness combined and concurred with the actions of the other defendants caused the death of Billy Ray Jones.

**WHEREFORE, PREMISES CONSIDERED**, Julia Harley Brooks, as Personal Representative for the Estate of Billy Ray Jones, deceased, makes a request for a verdict against Wesner Caton, New Prime, Inc., d/b/a Prime, Inc., TA Operating, LLC d/b/a TravelCenters of America in an amount sufficient to punish the defendant, protect the public and prevent similar wrongs in the future, and for all damages recoverable under Alabama's Wrongful Death Statute. Further, Plaintiff requests that the Court enter judgment consistent with the verdict.

### COUNT NINE-AEMLD CLAIMS AGAINST FLEETPRIDE, INC

45. This count is brought against Defendant FleetPride Inc. pursuant to the Alabama common law, and specifically the Alabama Extended Manufacturers' Liability Doctrine.

46. At the aforesaid time and place, and for some time prior thereto, FleetPride, Inc. was engaged in the business of designing, manufacturing, assembling, testing, inspecting, marketing, distributing, and/or selling blue service brake coil air lines throughout the United States, including

the State of Alabama, for use by the general public for profit. FleetPride, Inc. designed, manufactured, assembled, tested, inspected, marketed, imported, distributed, and/or sold the subject blue service brake coil air line.

47. At the time Billy Ray Jones was killed, there was no unforeseeable substantial change to the blue service brake coil air line from the time it left the possession of the FleetPride, Inc. until it reached New Prime, Inc., and/or Wesner Caton, the ultimate user or consumer. To the contrary, the blue service brake coil air line was in substantially the same condition when New Prime, Inc. and/or Wesner Caton used it as when it left the possession of the Defendants.

48. The blue service brake coil air line was not reasonably safe when used in a foreseeable manner. To the contrary, it was in a defective and unreasonably dangerous condition to the human body when being so used.

49. Specifically, the blue service brake coil air line's defects allowed a hole to develop in the air line, which resulted in loss of air to the braking system compromising its ability to efficiently apply adequate brakes to the trailer.

50. New Prime, Inc., and/or Wesner CAton used the blue service brake coil air line in a way that was foreseeable to FleetPride, Inc. The manner in which Billy Ray Jones was injured was also foreseeable to FleetPride.

51. At the time that the air line was designed and manufactured, there were safer alternative designs that would have alleviated the defects stated above and would have prevented the risk of injury without substantially impairing the air line's utility.

52. The defective and unreasonable dangerous condition of the blue service brake coil air line combined and concurred with the actions of the other defendants and contributed to cause the death of Billy Ray Jones.

**WHEREFORE, PREMISES CONSIDERED**, Julia Harley Brooks, as Personal Representative for the Estate of Billy Ray Jones, deceased, makes a request for a verdict against

Wesner Caton, New Prime, Inc., d/b/a Prime, Inc., TA Operating, LLC d/b/a TravelCenters of America, and FleetPride, Inc. in an amount sufficient to punish the defendant, protect the public and prevent similar wrongs in the future, and for all damages recoverable under Alabama's Wrongful Death Statute.  Further, Plaintiff requests that the Court enter judgment consistent with the verdict.

### COUNT TEN – NEGLIGENCE AGAINST FLEETPRIDE, INC.

53. This count is brought against FleetPride Inc. pursuant to the Alabama common law tort of negligence.

54. FleetPride, Inc., and/or their employees negligently designed, manufactured, tested, inspected, assembled, imported, marketed, distributed, and sold the blue service brake coil air line for the reasons stated in paragraphs 39 thru 42 above. FleetPride, Inc. knew, or in the exercise of reasonable care should have known, that the blue service brake coile air line was defective and unreasonably dangerous. FleetPride also negligently failed to adequately warn users of the defects stated above and also negligently failed to adequately instruct users as to the dangers of holes in the air line.  FleetPride also acted negligently in other ways.

55. All of the foregoing negligent conduct of FleetPride combined and concurred with the actions of the other defendants and contributed to cause the death of Billy Ray Jones.

56. FleetPride, Inc. is vicariously liable for the torts committed by its employees in the course and scope of their employment under the doctrine of respondeat superior.

**WHEREFORE, PREMISES CONSIDERED**, Julia Harley Brooks, as Personal Representative for the Estate of Billy Ray Jones, deceased, makes a request for a verdict against Wesner Caton, New Prime, Inc., d/b/a Prime, Inc., TA Operating, LLC d/b/a TravelCenters of America, and FleetPride, Inc. in an amount sufficient to punish the defendant, protect the public and prevent similar wrongs in the future, and for all damages recoverable under Alabama's Wrongful Death Statute.  Further, Plaintiff requests that the Court enter judgment consistent with the verdict.

### COUNT ELEVEN – WANTONNESS AGAINST FLEETPRIDE, INC.

57. This count is brought against FleetPride Inc. pursuant to the Alabama common law tort of wantonness.

58. FleetPride, Inc. and/or their employees wantonly designed, manufactured, tested, inspected, assembled, imported, marketed, distributed, and sold the blue service brake coil air line for the reasons stated in paragraphs 39 thru 46 above. FleetPride Inc. also wantonly failed to adequately warn users of the defects stated above and also negligently failed to adequately instruct users the dangers of a hole in the blue service brake coil air line.  FleetPride, Inc. also acted wantonly in other ways.

59. By consciously doing (and not doing) the acts set-forth above, FleetPride, Inc.  and/or their employees knew that from doing the acts (or not doing the acts) that injury will likely or probably result. Their conduct was intentional, wanton, reckless, malicious and oppressive.

60. All of the foregoing wanton conduct of the FleetPride, Inc. combined and concurred with the actions of the other defendants and contributed to cause the death of Billy Ray Jones

61. FleetPride is vicariously liable for the torts committed by its employees in the course and scope of their employment under the doctrine of respondeat superior.

**WHEREFORE, PREMISES CONSIDERED**, Julia Harley Brooks, as Personal Representative for the Estate of Billy Ray Jones, deceased, makes a request for a verdict against Wesner Caton, New Prime, Inc., d/b/a Prime, Inc., TA Operating, LLC d/b/a TravelCenters of America, and FleetPride, Inc. in an amount sufficient to punish the defendant, protect the public and prevent similar wrongs in the future, and for all damages recoverable under Alabama's Wrongful Death Statute.  Further, Plaintiff requests that the Court enter judgment consistent with the verdict.

### COUNT TWELVE – BREACH OF IMPLIED WARRANTY CLAIMS AGAINST TA OPERATING, LLC AND FLEETPRIDE, INC.

62. This count is brought against pursuant to Ala. Code § 7-2-314.

63. FleetPride Inc. and TA impliedly warranted that the blue service brake coil air line was reasonably fit and suitable for the purposes for which it was intended to be used, was free of defects, and was of merchantable quality. The Defendants breached said warranties because of the reasons set-forth in paragraphs 39 thru 51 above and because the blue service brake coil air line was not reasonably fit or suitable for the purposes for which it was intended to be used.

64. The breach of warranty combined and concurred with the actions of the other defendants and contributed to cause of the personal injuries suffered by Billy Ray Jones and his resultant death. He suffered physical pain and suffering and mental anguish before his death. His estate also suffered a loss of Decedent's future earning capacity. As personal representative of his estate, Plaintiff seeks the compensatory damages that Billy Ray Jones could have recovered if he had not died, and the compensatory damages suffered by his estate.

**WHEREFORE, PREMISES CONSIDERED**, Julia Harley Brooks, as Personal Representative for the Estate of Billy Ray Jones, deceased, requests an award of compensatory damages against FleetPride, Inc. and TA in an amount determined by a jury, together with interest, costs, and all other relief which, may be just and proper. Further, Plaintiff requests that the Court enter judgment consistent with the verdict.

**\*\*Plaintiff hereby demands trial by struck jury.\*\***

Respectfully Submitted,

_/s/_

_____
Brandon T. Bishop        (BIS014)
Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 323-1000

Facsimile:     (205) 323-1877
Email:         bbishop@asilpc.com

## REQUEST FOR SERVICE

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

TA Operating LLC d/b/a TravelCenters of America
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

FleetPride, Inc.
c/o Corporation Service Company, Inc.
211 East 7th Street
Suite 620
Austin, TX   78701

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas L. Oliver, II
Evan P. Baggett
B. Joseph Davis, Jr.
Attorneys for Defendants,
    Wesner Caton and New Prime, Inc.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216

Jeffrey C. Rickard
Rip Andrews
Attorneys for Plaintiff, Annette Ellis
    as Personal Representative for the Estate of Kimberly Ann Jones, dec.
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway; Suite 600-D
Birmingham, Alabama   35209
(205) 879-1981
(205) 879-1986 (fax)

_____
OF COUNSEL